IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY M. HEARNE, ) | Docket No. 04-276E |
| ) | (Judge Maurice B. Cohill, Jr.) |
| Plaintiff ) | |
| ) | ELECTRONICALLY FILED PLEADING |
| vs. ) | |
| ) | |
| MOTION CONTROL INDUSTRIES, ) | CONCISE STATEMENT OF MATERIAL |
| DIVISION OF CARLISLE ) | FACTS IN SUPPORT OF DEFENDANTS' |
| CORPORATION, RETIREMENT PLAN ) | MOTION FOR SUMMARY JUDGMENT |
| FOR BARGAINING UNIT EMPLOYEES ) | |
| OF MOTION CONTROL INDUSTRIES, ) | Filed on behalf of: Defendants |
| DIVISION OF CARLISLE ) | |
| CORPORATION, ) | Counsel of record for this party: |
| ) | Richard A. Lanzillo, Esq. |
| Defendants ) | Knox McLaughlin Gornall |
| ) | & Sennett, P.C. |
| ) | 120 West 10th Street |
| ) | Erie, PA 16501 |
| ) | Telephone (814) 459-2800 |
| ) | Facsimile (814) 453-4530 |
| ) | Email rlanzillo@kmgslaw.com |
| ) | PA53811 |
| ) | |

## CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.  Background**

1. Defendant Motion Control Industries ("Motion Control")employed plaintiff, Henry M. Hearne ("Hearne"), at its manufacturing facility in Ridgway, Pennsylvania, from September, 1973 until January 11, 2002, when Motion Control closed the Ridgway facility and permanently laid off its employees.  (Complaint ¶¶9, 12; Answer ¶¶3, 9, 12).

2. Although Hearne's employment ceased on January 11, 2002, Motion Control continued his wages and benefits as well as those of the other eligible employees of the Ridgway facility through March 16, 2002.  (Complaint ¶12; Answer ¶12).

3. As of the closure of the Ridgway facility, Hearne remained an active employee of Motion Control. (Complaint ¶12; Answer ¶12).

4. According to his Complaint, Hearne suffered a disabling injury in June of 2002, approximately six (6) month after the closure of the Ridgway plant and the termination of his employment. Hearne further alleges that he later applied for Social Security Disability Benefits. (Complaint ¶¶15-16). On November 3, 2002, the Social Security Administration issued a Notice of Award advising Hearne that he was entitled to Social Security Disability Insurance Benefits beginning in October, 2002. A copy of the Social Security Administration's Notice of Award to Hearne is attached as Exhibit D to defendants' Motion for Summary Judgment.

5. Thus, Hearne's own Complaint acknowledges that he did not sustain his disabling injury until June of 2002, more than six months after the closure of the plant and the termination of his employment.

6. Prior to commencing this action, Hearne did not submit a claim for Disability Retirement Benefits to the Plan. In his Complaint, Hearne alleges that, after the closure of the Ridgway facility, he attempted to obtain an application form for a Disability Retirement Pension, but was refused such a form. (Complaint ¶17).

7. Hearne's is not entitled to a Disability Retirement benefit under 4.3(a) of the Plan, which expressly provides that Disability Retirement benefits are only available to a Participant whose "employment…terminates…because of a Disability…"

8. Hearne did not invoke the administrative process available under the Plan to have the denial of his claim reviewed by the Carlisle Corporation Pension and Insurance Committee. Instead, Hearne elected to file this action.

### B. The Plan Documents

9.  The Plan is comprised of two documents. Part I, or the "master plan document," is the "Carlisle Corporation Retirement Plan for Hourly Paid Employees," as amended and restated effective January 1, 1997 ("Part I" or the "Carlisle Plan Document").[1] The "Part II Supplement," as amended and restated effective as of July 20, 2000 ("Part II" or the "Supplement"), supplements the Carlisle Plan Document with provisions specific to the Motion Control "Participating Group." The Carlisle Plan Document and the Supplement are attached to Defendants' Motion for Summary Judgment, respectively, as Exhibit A and Exhibit B. (See Exhibit A, pp. 2-3, §1.3 and Exhibit B, p.2, ¶(u), which describe the constituent parts of the Plan).

10. The Carlisle Plan Document governs various pension plans established by Carlisle Corporation and certain affiliates, including Motion Control. (Exhibit A, p.1, §1.1). The Part II Supplement describes "the benefits for Members who are in the employment of [Motion Control] in the Participating Group on and after July 20, 2000 and who retire or whose Vesting Service terminates on or after July 20, 2000."

### C. Eligibility for Disability Retirement Benefits

11. The Plan provides for four (4) types of retirement benefits: (1) Normal Retirement Benefits (Exhibit A, §4.1); (2) Early Retirement Benefits (Exhibit A, §4.2); (3) Disability Retirement Benefits (Exhibit A, §4.3); and (4) Deferred Vested Retirement Benefits (Exhibit A, §4.4).

12. Normal Retirement benefits are generally available when the participant's Vesting Service terminates on or after the participant reaches age 65. (Exhibit B, p.3, ¶(j)(1)).

---

[1] Motion Control was operated as a division of Carlisle Corporation.

Early Retirement benefits are generally available to a participant who has five or more years of Vesting Service and attains age fifty (50). (Exhibit B, p.3, ¶(j)(2)). Deferred Vested Retirement Benefits are generally available to a participant whose Vesting Services terminates after he attains his Vested Retirement Age and before he reaches age 65. (Exhibit A, p.18, §4.4 (a)).

        13.    Basic eligibility requirements for Disability Retirement Benefits are described in §4.3(a) of the Carlisle Plan Document. This provision states:

> **Eligibility**. If the employment of a Participant, but not an Inactive Participant, *terminates* (prior to retirement under section 4.1, 4.2 or 4.4) *because of a Disability* after he attains his Disability Retirement Age, he shall be eligible to receive a disability retirement benefit under the Plan in accordance with and subject to the provisions of the Plan.

(Exhibit A, p.17, §4.3(a)(emphasis supplied)).

        14.    The Plan defines the term "Disability" as "total and permanent disability, which is a medically determinable physical or mental impairment of a Participant resulting from a bodily injury, disease, or mental disorder which renders him incapable of engaging in any substantial gainful activity and which can be expected to result in death or to last at least 12 months; provided, however, that the Participant must be eligible for and actually receiving disability benefits under the Social Security Act for the period of time from his date of disability, after the waiting period required under the Social Security Act, until his Normal Retirement Age." (Exhibit A, p.5, §2.1(m)).

    **D.**    **Plan Provisions Describing the Discretion and Authority of the Benefits Committee**

        15.    The Plan vests discretion regarding interpretation of the Plan in a Committee known as the "Carlisle Corporation Pension and Insurance Committee," which is

comprised of five members selected in accordance with procedures prescribed by the Plan. (Exhibit A, p.32, §§7.1-7.2).

16. The Plan specifically grants the Committee "the exclusive right and discretionary authority to control the management, operation, and administration of the Plan, as plan administrator and a named fiduciary…". (Exhibit A, p.32, §7.3).

17. The powers and duties of the Committee include "the *exclusive right, in its discretion*, to make *any finding of fact* necessary or appropriate for any purpose under the Plan, including but not limited to the *determination of the eligibility* for and the amount of any benefit payable under the Plan," and "in its discretion, *to interpret the terms and provisions of the Plan and to determine any and all questions arising under the Plan* or in connection with the administration thereof, including, without limitation, the right to remedy or resolve possible ambiguities, inconsistencies, or omissions, by general rule or particular decision." (Exhibit A, p.32, §7.3)(d), (e)(emphasis supplied)).

18. In the event of a denial of a claim for benefits, the Plan provides a right of administrative review by the Committee. (Exhibit A, p.37, §7.9(c)). If a claimant files a written request for review of a denied claim, the Plan provides that the Committee shall review the claim within forth-five (45) days after the Committee's receipt of the request for review unless the Committee determines that special circumstances require an extension of time, in which case, this period may be extended for up to an additional forth-five (45) days. (Exhibit A, pp.37-38, §7.9(c)).

19. Hearne did not request administrative review of the denial of his claim prior to filing this action in the United States District Court for the Western District of Pennsylvania.

                                        Respectfully submitted,

                                        KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

DATE: March 30, 2006                 By: Richard A. Lanzillo /s/
                                        Richard A. Lanzillo
                                        PA53811
                                        120 West Tenth Street
                                        Erie, PA 16501-1461
                                        Telephone: (814) 459-2800
                                        Fax: (814) 453-4530
                                        Email: rlanzill@kmgslaw.com

                                        Attorneys for Defendants, Motion Control Industries, Division of Carlisle Corporation, Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation

# 664436