## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY DONACHY and BRUCE           )
KINLEY, on behalf of themselves   )
and others similarly situated,    )
                                  )
                                  )
                                  )
          Plaintiffs,             )
                                  )
              v.                  )         Civil Action No. 04-245 Erie
                                  )
MOTION CONTROL INDUSTRIES,        )
DIVISION OF CARLISLE CORP.,       )
RETIREMENT PLAN FOR BARGAINING    )
UNIT EMPLOYEES OF MOTION          )
CONTROL INDUSTRIES, DIVISION OF   )
CARLISLE CORPORATION,             )
                                  )
          Defendants.             )

### MEMORANDUM OPINION

McLAUGHLIN, SEAN J.

Presently pending before the Court are cross-motions for summary judgment.

### I. BACKGROUND

A detailed summary of the facts underlying this matter is unnecessary given our ultimate disposition. Instead, we hereby incorporate by reference the undisputed factual allegations contained in the parties' filings and the motions for summary judgment. We further incorporate by reference the transcript of the December 14, 2005 hearing on the motions for summary judgment. We will recount herein only those facts pertinent to our decision.

Plaintiffs, Larry Donachy and Bruce Kinley ("Plaintiffs"), are former employees of Defendant Motion Control Industries ("Motion Control") and participants in an employer-sponsored retirement plan known as the Retirement Plan for Bargaining Unit Employees of Motion Control Industries ("the Plan"). On January 11, 2002, Motion Control closed its facility in Ridgway, Pennsylvania, and permanently laid-off all employees, including Plaintiffs. At that time, Plaintiffs had not reached the age of 65. Plaintiffs commenced this action to obtain a declaration concerning their future benefits under the Plan.

The Plan provides for various types of retirement benefits, including (1) Normal Retirement

1

EXHIBIT

C

tabbies

Case 1:04-cv-00245-SJM Document 26 Filed 12/21/2005 Page 2 of 5

Benefits, and (2) Deferred Vested Retirement Benefits. In order to be eligible for a Normal Retirement Benefit, the participant's "Vesting Service" must terminate on or after his sixty-fifth birthday. An employee's Vesting Service terminates when their employment is terminated. Here, Plaintiffs' Vesting Service terminated, at the latest, at some point in 2002. As neither Plaintiff has reached age 65, they are consequently ineligible for Normal Retirement Benefits.

For participants whose Vesting Service terminated before their sixty-fifth birthday, Deferred Vested Retirement Benefits are available, provided that the participant satisfies the other requirements of the Plan. It is undisputed that Plaintiffs, if they are able to satisfy the requirements of the Plan, would be eligible for some form of Deferred Vested Retirement Benefits.

The Plan also provides for a "benefit rate" or "multiplier" that is used to calculate a Plan participants retirement benefit amount. Stated simply, a participant is entitled to a higher multiplier if his "date of retirement" was on or after July 20, 2002, than if the participant retired prior to that date. Plaintiffs, by filing the instant action, are essentially seeking a declaration that they are entitled to the higher multiplier.

In their Complaint, Plaintiffs sought a declaration that they were entitled to a "Normal Retirement Benefit" under the Plan at the higher multiplier rate. Defendants filed a motion for summary judgment asserting that, under the plain language of the Plan, Plaintiffs were not eligible for a Normal Retirement Benefit, for the reasons described above. In response, Plaintiffs filed a cross-motion for summary judgment that abandons their demand for a declaration of entitlement to Normal Retirement Benefits, instead espousing the theory that Plaintiffs are entitled, upon reaching age 65, to a Deferred Vested Retirement Benefit calculated at the higher multiplier. Plaintiffs assert several theories as to why they would be entitled to the higher multiplier. However, none of these theories, and many of the facts underlying them, were ever submitted to the Plan for consideration. Thus, Defendants contend that Plaintiffs' new theory of entitlement is barred by their failure to exhaust their administrative remedies.

## II. ANALYSIS

An ERISA beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future

2

benefits under the terms of the plan." 29 U.S. C. § 1132(a)(1)(B). Trustees of an ERISA plan "are granted broad fiduciary rights and responsibilities under ERISA . . . and implementation of the exhaustion requirement will enhance their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making process." Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980); Harrow v. Prudential Ins. Co. Of Am., 279 F.3d 244, 249 (3rd Cir. 2002). Thus, "except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan. Harrow, 279 F.3d at 249 (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3rd Cir. 1990)).

Plaintiffs' claims present matters of Plan interpretation and issues of fact that are distinctly appropriate for administrative review. The Plan specifically grants the Committee "the exclusive and discretionary authority to control the management, operation, and administration of the Plan, as plan administrator and named fiduciary," including the right to make findings of fact and determine eligibility for benefits payable under the Plan. Given the broad authority granted to the Plan Committee, this Court's role would normally be to review the decision of the Committee under an arbitrary and capricious standard. Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176 (3rd Cir. 1991). However, Plaintiffs' Deferred Vested Retirement Benefits claim has never been presented to the Plan Committee for consideration. Because Plaintiffs' claims have never been presented to the Committee, nor, for that matter, raised in the Complaint before this Court, Plaintiff is essentially asking this Court to circumvent the ERISA exhaustion requirement and usurp the role of the Plan administrators. In such circumstances, dismissal without prejudice based on a failure to exhaust is appropriate. Harrow v. Prudential Ins. Co. of Am., 76 F.Supp.2d 558, 564 (D.N.J. 1999), aff'd, Harrow, 279 F.3d 244.

During oral argument, Plaintiffs contended that this case should not be dismissed, invoking the futility exception to the ERISA exhaustion requirement. "A Plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so." Harrow, 279 F.3d at 249 (citing Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3rd Cir. 1990)). Several factors are relevant to a determination of whether to excuse exhaustion on futility grounds, including: (1) whether plaintiff diligently pursued administrative relief, (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances, (3) existence of a fixed policy denying

3

Case 1:04-cv-00276-MBC   Document 14-4   Filed 03/30/2006   Page 4 of 6

benefits, (4) failure of the insurance company to comply with its own internal administrative procedures, and (5) testimony of plan administrators that any administrative appeal would be futile. Harrow, 279 F.3d at 250 (citing Berger, 911 F.2d at 916-17).

After carefully considering each of the aforementioned factors, we find no reason to excuse the exhaustion requirement here. None of the factors cut in favor of the Plaintiffs, given their failure to press their current claim before the Plan Committee at all. A dismissal without prejudice will give Plaintiffs the opportunity to present their current claims before the Plan administrators, give the Plan the opportunity to award a declaration of benefits, and give this Court the benefit of a written decision from the Plan Committee to assist our review, should this case eventually be re-filed.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied, Defendants' motion for summary judgment is granted, and this action is dismissed without prejudice. An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY DONACHY and BRUCE      )
KINLEY, on behalf of themselves   )
and others similarly situated,     )
                                 )
                                 )
          Plaintiffs,       )
                                 )
         v.          )      Civil Action No. 04-245 Erie
                                 )
MOTION CONTROL INDUSTRIES,   )
DIVISION OF CARLISLE CORP.,    )
RETIREMENT PLAN FOR BARGAINING )
UNIT EMPLOYEES OF MOTION     )
CONTROL INDUSTRIES, DIVISION OF )
CARLISLE CORPORATION,       )
                                 )
         Defendants.     )

## ORDER

AND NOW, this 22nd day of December, 2005, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Motion for Summary Judgment of Defendant Motion Control Industries, et al., [Doc. No. 12] is GRANTED.  The Motion for Summary Judgment of Plaintiff Larry Donachy, et al., [Doc. No. 15] is DENIED.  Accordingly, Judgement is entered in favor of Defendants and against Plaintiffs.  This action is DISMISSED WITHOUT PREJUDICE.

 

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___

**DCOTE - Activity in Case 1:04-cv-00245-SJM DONACHY, et al v. MOTION CONTROL INDUS, et al "Order on Motion for Summary Judgment"**

| | |
|---|---|
| **From:** | <ecf_intake_pawd@pawd.uscourts.gov> |
| **To:** | <pawd_ecf@pawd.uscourts.gov> |
| **Date:** | 12/21/05 3:52:44 PM |
| **Subject:** | Activity in Case 1:04-cv-00245-SJM DONACHY, et al v. MOTION CONTROL INDUS, et al "Order on Motion for Summary Judgment" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## U.S. District Court

## Western District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from jdg, entered on 12/21/2005 at 3:43 PM EST and filed on 12/21/2005

**Case Name:**     DONACHY, et al v. MOTION CONTROL INDUS, et al
**Case Number:**     1:04-cv-245
**Filer:**
**WARNING: CASE CLOSED on 12/21/2005**
**Document Number:** 26

**Docket Text:**
ORDER granting [12] Defendants' Motion for Summary Judgment, denying [15] Plaintiffs' Motion for Summary Judgment, and dismissing this case without prejudice.Signed by Judge Sean J. McLaughlin on 12/21/05. (jdg)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1098469114 [Date=12/21/2005] [FileNumber=192680-0
] [be9d4a481227115c9307726ebcbe89b9ba82cf0f7fb7d606652717e68c5f1be5b66
29aaf36ea3411ac3ec9a8e9c74acf669e454bda7deaed5c558c93bef37d47]]

**1:04-cv-245 Notice will be electronically mailed to:**

Robert A. Eberle     rae@jpilaw.com

Richard A. Lanzillo     rlanzillo@kmgslaw.com, dcote@kmgslaw.com; lwatson@kmgslaw.com; richardlanzillo@aol.com

Jason Mettley     jm@jpilaw.com,