IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-266  Erie |
| ………………………………………….  | |
| HENRY M. HEARNE, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-276  Erie |
| ………………………………………….  | |
| PAUL L. PLYLER, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-277  Erie |
| ………………………………………….  | |
| WILLIAM F. LUNDER, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-278  Erie |
| ………………………………………….  | |
| LYNN A. RHODES, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-279  Erie |
| ………………………………………….  | |
| TERRY K. ROCKWELL, | |
|       Plaintiff, | |
|       v. | Civil Action No. 04-280  Erie |
| ………………………………………… | |
| | |
| MOTION CONTROL INDUSTRIES, | |
| DIVISION OF CARLISLE CORPORATION, | Judge Maurice B. Cohill, Jr. |
| RETIREMENT PLAN FOR BARGAINING | |
| UNIT EMPLOYEES OF MOTION | |
| CONTROL INDUSTRIES, DIVISION OF | |
| CARLISLE CORPORATION, | |
| | |
|       Defendants. | |

**REPLY BRIEF TO DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This Reply Brief is submitted in response to Defendants' Memorandum in Opposition to Plaintiffs' Cross- Motions for Summary Judgment. This Reply Brief will focus on two points raised by the Defendants in their response.

**1.     The Futility Issue**

In regard to the issue of whether the Plaintiffs should be excused from the requirement to exhaust administrative remedies due to the futility of doing so, the Defendants have asserted that the Plaintiffs cannot meet the requirements to establish futility. In support of that contention the Defendants assert that the Plaintiffs offered 'no proof' to establish that the Plan Committee would not have considered their claims (or appeals) if the Plaintiffs had submitted their claims or appeals to the Plan Committee. This contention misses the mark and pointedly ignores the facts of record.

The basic problem is that the Defendants effectively prevented the Plaintiffs from pursuing their claims. Moreover, there is every reason to suppose that even if the plaintiffs had done more to pursue their claims through the Plan, the position the Defendants took in initially rejecting the Plaintiffs remains exactly the position of the Defendants to this day, without the slightest change. These facts undermine the Defendants' attack on the futility argument.

In this regard, Plaintiff Glenn Olay submitted an affidavit stating that he had attempted to obtain an application form from the Plan and was told by an authorized representative of the Plan that he would not be issued an application. Olay Affidavit, Paragraph 23. In addition, the undersigned submitted an affidavit detailing the exchange of correspondence between counsel regarding these claims, including the ongoing efforts of the plaintiffs to obtain applications and the refusal of the Plan to provide them with applications.

The record clearly and plainly establishes that the Plan has **never** made any effort to provide any of these individuals with an application, despite the fact that the Plan has been on notice since at least March 2004 that these individuals wanted to file claims and were being told by Plan representatives that they would not be provided with applications. The letter of March 23, 2004 from the undersigned to counsel for the defendants recites the facts and circumstances of the specific efforts of Terry Rockwell and Don Davido[1] to obtain application forms. That letter further recites the names of the two individuals who told Rockwell and Davido that the forms would not be provided. Finally the letter recited that the two individuals stated to Rockwell and Davido that the basis for refusing to provide the applications was because they were not actively employed at the time their disabilities arose. After the response to that letter was received, the undersigned transmitted a second letter dated May 24, 2004. In the second letter, the undersigned stated that Rockwell contacted the Plan Administrator's office again and was again specifically told that he would not be provided with an application for benefits. There was no response to this letter.

The Defendants now portray the Plaintiffs' efforts as little more than a legal stratagem to avoid confronting the Plan with their claims. The foregoing recitation of facts makes clear the Defendants had ample notice of the specific intentions of the plaintiffs to file claims and the problems they were experiencing in getting started with the process, yet the Defendants never took even the slightest step to investigate, provide an application, or otherwise address this issue.

The Defendants never disputed that individual Plaintiffs were being refused their requests to be provided with an application. Instead, the argument advanced by the Defendants today is that the Plaintiffs should have appealed to the Plan Committee! Appealed what? The Plaintiffs

---

[1] The undersigned represented Don Davido along with the Plaintiffs in this matter until Davido's untimely death in July 2004.

3

(through their legal counsel) were telling the legal counsel for the Plan that they couldn't even get the Plan to issue them application forms.  The Plaintiffs were telling the Plan that they wanted to be informed as to what they needed to do to follow up on the fact that they could not even get applications.  The only response that the Defendants can muster is that the Plaintiffs should have divined the existence of an opportunity to file an appeal with the Plan Committee over the Plan's refusal to provide them with applications.  This argument reflects the fact that the Defendants frustrated the efforts of these Plaintiffs to have their claims properly addressed, and now the Defendants want to reap the benefit of that obstruction.

     The second aspect to this issue is the claim by the Defendants that there is no indication the Plan Committee would have failed to address the claims of the Plaintiffs.  Apparently, the Defendants mean by this that if the Plaintiffs had appealed to the plan Committee to be provided with applications then the Plan Committee could have officially refused those requests.  It is abundantly clear at this stage of the litigation that the Defendants have made the determination that these Plaintiffs have no right to receive application forms, much less any right to disability benefits.  It is a fact of record that the response of the Defendants to the initial requests for applications, namely that the Plaintiffs were not entitled to even get an application because their employment ended due to the plant closing, remains the bedrock position of the Plan to this day.  This is true even though the Defendants have had every opportunity to review and scrutinize their own legal position.  There is every reason on this record to conclude that if the Plaintiffs had made some sort of appeal to the Plan Committee nothing would be any different except that the Plaintiffs would have a written denial to go along with the refusal to provide them with applications.

The foregoing circumstances fit within the contours of the analysis in <u>Berger v. Edgewater Steel Co.</u>, 911 F.2d 911, 916-17 (3rd Cir. 1990). The evidence in the instant case, and especially the evidence referenced above, certainly indicates that the Defendants have a fixed policy to deny any claim for disability benefits to anyone still employed at the time of the plant closing. Moreover, the consistent refusal to even provide application forms suggests that any further appeal to the Plan Committee (assuming there was any way to accomplish such an appeal) would not have changed the outcome at all.

    **2.    The Claims of the Individual Plaintiffs**

The second issue to be addressed in this Reply Brief is the Defendants' argument that Olay was the only Plaintiff to even make a claim. See, Defendants' Memorandum in Opposition, pp. 6-7. This assertion is factually incorrect. As noted above, the undersigned transmitted a letter to counsel for the Defendants clearly and plainly identifying each of the Plaintiffs and their interest in pursuing claims for disability benefits[2]. The letter identified the fact, once again, that the Plan would not honor the individual requests for application forms. The letter specifically asked the Defendants to indicate what the next step would be to pursue an administrative appeal. The Defendants did not see fit to respond, yet they would urge this Court to conclude that it was the individual Plaintiffs' failures that was responsible for the absence of an administrative process. The Plaintiffs respectfully submit that the individual Plaintiffs each put the Defendants on notice of their intention to submit claims, and the Defendants deliberately chose to ignore that notice. The Defendants should not now be heard to argue that the Plaintiffs caused this process to fail.

---

[2] The May 24, 2004 letter from the undersigned to Attorney Perhacs lists each of the Plaintiffs and states that each of them wants to pursue a claim for benefits. Appendix, Exhibit 7.

5

Regarding the various other issues raised in the Defendants' Memorandum in Opposition, the Plaintiffs rely on the evidence and arguments set forth in Plaintiff's Brief in Support of Motion for Summary Judgment.

        Respectfully submitted,

        JUBELIRER, PASS & INTRIERI, P.C.

BY: /s/ Robert A. Eberle
    Robert A. Eberle, Pa. I.D. #47359
    Jason Mettley, Pa. I.D. #81966
    219 Fort Pitt Boulevard
    Pittsburgh, PA 15222
    (412) 281-3850
    (412) 281-1985 (fax)
    rae@jpilaw.com
    jm@jpilaw.com